**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| FELICIA LAMPKIN,<br><br>        Plaintiff,<br><br>v.<br><br>PATRICK R. DONAHOE, Postmaster General, United States Postal Service,<br><br>        Defendant. | Civil Action No. 14-5686 (MAS) (DEA)<br><br>**MEMORANDUM OPINION** |

This matter comes before the Court on Defendant Patrick R. Donahoe, Postmaster General, United States Postal Service's ("Defendant") Motion for Reconsideration pursuant to Local Civil Rule 7.1(i). (ECF No. 22.) Plaintiff Felicia Lampkin ("Plaintiff") opposed. (ECF No. 23.) The Court has carefully considered the parties' submissions and decides the matter without oral argument pursuant to Local Civil Rule 78.1. For the reasons stated below, the Court DENIES Defendant's Motion for Reconsideration.

**I.    Background**

Plaintiff filed a three count action on September 10, 2014 alleging numerous instances of employment discrimination on the basis of race, gender, and mental disability. (Compl., ECF No. 1.) On April 29, 2016, Defendant moved for summary judgment. (Def.'s Mot. for Summ. J., ECF No. 16.) After reviewing the parties' submissions, the Court denied Defendant's summary judgment motion as to Count One only with regard to Plaintiff's claim of Denial of Higher Pay, and granted Defendant's motion as to Count One on all other claims. (Dec. 1, 2016 Mem. Op., ECF No. 21.) Additionally, the Court granted Defendant's motion as to Count Two and denied

Defendant's motion as to Count Three. (*Id.*) Defendant now brings the instant motion as to Count One on the Denial of Higher Pay issue.

## II. Parties' Positions

Defendant argues that the Court overlooked a portion of Defendant's Statement of Undisputed Material Facts ("SUMF") pertaining to the Denial of Higher Pay issue. (Def.'s Moving Br. 1, ECF No. 22-1.) Specifically, Defendant asserts that Plaintiff conceded, in her response to Defendant's SUMF, that the following facts were undisputed:

> A level 17 supervisor who is "detailed" to a higher level receives only a 5% pay increase over his or her base salary, regardless of whether the detail is to a level 19 or a level 22 . . . . Neither [Roger] Danbury nor [Bill] Jones received level 22 pay in 2010, they received level 17 pay plus 5%.

(Def.'s SUMF ¶¶ 95-96, ECF No. 16-28; *see* Pl.'s Resp. to Def.'s SUMF ¶¶ 95-96, ECF No. 18-10 (responding to the allegations as "[a]dmitted").) Defendant further argues that there is no dispute that Plaintiff received the same 5% increase that Jones and Danbury received because Plaintiff conceded to Defendant's following proposed undisputed fact:

> Lampkin was a "level 17" supervisor from 2000 to 2006. In 2006 she was "detailed" to a "level 19," meaning that she technically remained on level 17 but because she was "detailed" to a higher level she received a 5% pay increase, as well as some supervisory responsibilities over other level 17 supervisors.

(Def.'s SUMF ¶ 4; *see* Pl.'s Resp. to Def.'s SUMF ¶ 4 (responding to the allegation as "[a]dmitted").) Accordingly, Defendant argues that there is no dispute that Lampkin received the same 5% increase that Jones and Danbury received. (Def.'s Moving Br. 6.)

Defendant also argues that Plaintiff's own proposed undisputed material fact—that Jones and Danbury were paid on a different scale than the policy applied to Plaintiff—was supported solely by Plaintiff's own deposition testimony. (*Id.* at 7.) Defendant asserts that Plaintiff's

2

uncorroborated testimony was an insufficient basis upon which to permit Plaintiff's Denial of Higher Pay claim to survive. (*Id.* at 6-9.)

In opposition, Plaintiff argues that Defendant fails to present the Court with changes in controlling law, newly discovered evidence, or a clear error of law or fact. (Pl.'s Opp'n Br. 1-4, ECF No. 23.) Plaintiff also argues that Defendant simply disagrees with the Court's interpretation of the evidence and submits arguments previously presented on Defendant's Motion for Summary Judgment. (*See id.*)

## III. **Legal Standard**

Reconsideration under Local Civil Rule 7.1 is an extraordinary remedy that is rarely granted. *Interfaith Cmty. Org. v. Honeywell Int'l, Inc.*, 215 F. Supp. 2d 482, 507 (D.N.J. 2002). A motion for reconsideration may be based on one of three separate grounds: (1) "an intervening change in controlling law"; (2) "new evidence not previously available"; or (3) "to correct a clear error of law or prevent manifest injustice." *See id.* (citation omitted). Here, Defendant moves for reconsideration solely under the third prong.

A motion for reconsideration is not an opportunity to raise new matters or arguments that could have been raised before the original decision was made. *See Bowers v. NCAA*, 130 F. Supp. 2d 610, 612-13 (D.N.J. 2001). Nor is a motion for reconsideration an opportunity to "ask the [C]ourt to rethink what it ha[s] already thought through." *See Interfaith Cmty. Org.*, 215 F. Supp. 2d at 507 (second alteration in original) (citation omitted). "Rather, the rule permits a reconsideration only when 'dispositive factual matters or controlling decisions of law' were presented to the court but were overlooked." *Id.* (quoting *Resorts Int'l v. Greate Bay Hotel & Casino*, 830 F. Supp. 826, 831 (D.N.J. 1992)).

3

## IV. Discussion

Here, Defendant fails to identify a clear error of law or manifest injustice. On summary judgment, in her Counter-Statement of Undisputed Material Facts ("CSUMF"), Plaintiff alleged that Danbury and Jones received higher level pay than the scale that was applied to Plaintiff. (Pl.'s CSUMF ¶ 36, ECF No. 18-11.) Defendant contends that Plaintiff's admission to Defendant's allegation regarding Danbury and Jones's pay scale contradicted Plaintiff's own allegations, effectively eliminating the dispute of fact. (Def.'s Moving Br. 6-9.)

When considering a summary judgment motion, however, the Court must look at the factual allegations in the light most favorable to the nonmoving party, which is Plaintiff. The Court, therefore, viewed Plaintiff's statements to mean that Plaintiff continued to allege a disparity in pay between herself and Danbury and Jones. Moreover, while Defendant argues that Plaintiff failed to corroborate her testimony, Defendant did not adequately corroborate its own allegations beyond what appears to be inadvertent concessions by Plaintiff. Defendant was in a position to submit proof of Danbury and Jones's pay, which would have been sufficient to overcome Plaintiff's uncorroborated testimony to the contrary. Defendant, however, failed to submit proof of Danbury and Jones's pay or reference other documents that corroborate Danbury and Jones's testimony in support of Defendant's position. Defendant, therefore, fails to identify a clear error of law or fact and fails to bring forth any new evidence not already considered by the Court.

## V. Conclusion

For the reasons stated above, the Court DENIES Defendant's Motion for Reconsideration. The Court will issue an order consistent with this Memorandum Opinion.

/s/ Michael A. Shipp
**MICHAEL A. SHIPP**
UNITED STATES DISTRICT JUDGE

Dated: June 28th, 2017