**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

RECEIVED

AUG 25 2017

AT 8:30_____M
WILLIAM T. WALSH
CLERK

FELICIA LAMPKIN,

        Plaintiff,

        v.

PATRICK R. DONAHOE, *Postmaster General, United States Postal Service*,

        Defendant.

Civil Action No. 14-5686 (MAS) (DEA)

**MEMORANDUM OPINION**

**SHIPP, District Judge**

This matter comes before the Court on Defendant Patrick R. Donahoe's ("Defendant") Motion for Summary Judgment. (ECF No. 24.) Plaintiff Felicia Lampkin ("Plaintiff") opposed (ECF No. 26), and Defendant replied (ECF No. 27). The Court has carefully considered the parties' submissions and decides the motion without oral argument pursuant to Local Civil Rule 78.1. For the reasons stated below, Defendant's Motion for Summary Judgment is GRANTED.

**I.    Undisputed Material Facts**

As the Court comprehensively set forth the undisputed facts relating to the background of this case in its prior summary judgment decision, the Court incorporates those facts here and sets forth only the allegations directly pertinent to the instant Motion. (Dec. 1, 2016 Mem. Op. 2-16, ECF No. 21.) Plaintiff filed her Complaint on September 11, 2014. (Compl., ECF No. 1.) At the outset, Plaintiff's Complaint stated that "*[a]t the time of the events complained of herein*, Plaintiff was a Supervisor, Distribution Operations for the United States Postal Service and was assigned to the Trenton Processing and Distribution Center [('P&DC')], *Trenton, New Jersey*." (*Id.* ¶ 2

(emphasis added).) Further, the Complaint contains no mention of any allegations regarding the time period during which Plaintiff worked in Florida. (*See generally id.*) Accordingly, the Complaint's allegations under the Fair Labor Standards Act ("FLSA") arise from the time period during which Plaintiff was assigned to work in Trenton, New Jersey. (*Id.*) Plaintiff "stopped working at the Trenton P&DC on or about October 1, 2010."[1] (Dec. 1, 2016, Mem. Op. 15; *see also* Pl.'s Resp. to Def.'s Statement of Undisputed Material Facts ("SUMF") on First Mot. for Summ. J. ¶ 77, ECF No. 16-28 ("Admitted").)

## II.   Legal Standard

Summary judgment is appropriate if the record shows "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson*, 477 U.S. at 248. A material fact raises a "genuine" dispute "if the evidence is such that a reasonable jury could return a verdict for the non[-]moving party." *Williams v. Borough of W. Chester*, 891 F.2d 458, 459 (3d Cir. 1989) (quoting *Anderson*, 477 U.S. at 250).

In evaluating the evidence, the Court must consider all facts and their logical inferences in the light most favorable to the non-moving party. *Curley v. Klem*, 298 F.3d 271, 276-77 (3d Cir. 2002). While the moving party bears the initial burden of proving an absence of a genuine dispute of material fact, meeting this obligation shifts the burden to the non-moving party to "set forth

---

[1] Moreover, it appears that Plaintiff admitted in her deposition that she was only seeking compensation for "T-time" for the time period during which she was employed at the Trenton P&DC. (*See* Def.'s Reply Br. 5 (citing Lampkin Dep. 311:13-312:6).)

2

specific facts showing that there is a genuine [dispute] for trial." *Anderson*, 447 U.S. at 250. If the non-moving party fails to:

> make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial[,] .... there can be "no genuine [dispute] of material fact," [because] a complete failure of proof concerning an essential element of the non[-]moving party's case necessarily renders all other facts immaterial.

*Katz v. Aetna Cas. & Sur. Co.*, 972 F.2d 53, 55 n.5 (3d Cir. 1992) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986)).

### III. Discussion

The FLSA provides for a two-year statute of limitations commencing after the cause of action accrued, except if the cause of action arises out of a "willful violation," where the FLSA provides for a three-year statute of limitations. 29 U.S.C. § 255(a). Here, Plaintiff's claims are time-barred under either statutory period. Plaintiff's allegations giving rise to her FLSA claim took place prior to October 1, 2010, and Plaintiff did not file her claim until September 11, 2014. In her Opposition, Plaintiff attempts to amend her FLSA claim by attaching an Affidavit and citing to deposition testimony that, in conclusory fashion, states that her FLSA violations continued when she moved to her new post in Florida. (Pl.'s Opp'n Br. 4-5, ECF No. 26; *see also id.*, Ex. A ("Plaintiff's Affidavit"), ECF No. 26.)

"It is well-established[,] [however,] that 'adding claims to a pleading is properly done by amending the complaint; it is too late to introduce an additional claim at the summary judgment stage.'" *Canadian Nat'l Ry. v. Vertis, Inc.*, 811 F. Supp. 2d 1028, 1036 (D.N.J. 2011) (citation omitted). Moreover, a plaintiff may not add new claims in an opposition to a defendant's summary judgment motion. *See OTA Ltd. P'ship v. Forcenergy, Inc.*, 237 F. Supp. 2d 558, 560 n.3 (E.D. Pa. 2002). In addition to her attempt to amend her FLSA claim, Plaintiff makes no other

3

arguments, such as arguments that the statutory period should be tolled. (*See* Pl.'s Opp'n Br. 4-5.) Accordingly, Plaintiff's FLSA claim is time-barred and, therefore, dismissed.

## IV. Conclusion

For the reasons set forth above, Defendant's Motion for Summary Judgment is GRANTED. An order consistent with this Memorandum Opinion will be entered.

/s/ Michael A. Shipp

**MICHAEL A. SHIPP**
**UNITED STATES DISTRICT JUDGE**

**Dated:** August 25th, 2017

4